| 63 | 9 |
| 83 | 288 |

[Department One.—January 2, 1883.]

## M. J. O'CONNOR, APPELLANT, *v.* LORENZO FOGLE, RESPONDENT.

EJECTMENT—EVIDENCE—STATUTE OF LIMITATIONS—PAYMENT OF TAXES.—The plaintiff claimed under a patent from the State. More than five years elapsed between the issuing of the patent and the commencement of the action. The defendant pleaded the Statute of Limitations, and relied upon an adverse possession commencing before the patent issued. It appeared from the evidence that the plaintiff had paid the taxes upon the land. The court instructed the jury as to the proof required to make out an adverse possession, and that in addition to the fact of possession and its adverse character, it was necessary for the defendant to show that the taxes had been paid by him. The jury rendered a verdict in favor of the defendant. *Held,* (1) that the statute could not commence to run until the issuing of the patent; (2) that the possession of the defendant, even if sufficient in other respects, was not adverse because of his failure to pay the taxes.

APPEAL from the judgment of the Superior Court of the county of Los Angeles, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*Bicknell & White,* for Appellant.

*William D. Gould, James H. Blanchard,* and *Brunson & Wells,* for Respondent.

McKEE, J.—This appeal is from the final judgment and order denying a motion for a new trial in this case. The action was ejectment. By the record it appears that the plaintiff claimed

a right of entry to the demanded premises through a patent which had been issued by the State of California, April 24, 1874, to the immediate grantor of the plaintiff. The patent vested in the patentee title to the land, and, as his grantee, the plaintiff was entitled to recover possession unless his cause of action was barred by the Statute of Limitations. That was the defense interposed to the action by the following answer:—

"And for a further and separate answer and defense the defendant alleges that he has been in the quiet, peaceful, and exclusive possession of said land in the plaintiff's complaint described, holding and claiming the same adversely to said plaintiff, and adversely to all other persons for more than five years before the commencement of this suit, to wit, ever since prior to September 1, 1870, and that neither the plaintiff, nor either of his ancestors or ancestor, predecessor, or grantors was ever seized or possessed of the said land, or any portion of the same within five years before the commencement of this action, or at all."

The evidence given upon the issue raised by this answer tended to prove that the defendant entered on the land in the year 1870, as a qualified pre-emptor. At that time the land was part of the public domain of the United States within this State. While residing on the land with his family, the defendant, in December, 1870, filed his declaratory statement in the United States land office in the district within which the land was situated. When he filed this statement the township had been surveyed by the United States authorities, the survey was approved, and the plat of the survey had been filed in the proper United States land office. Subsequent, however, to the filing of the township plat, and of the declaratory statement, the land was listed to the State of California, in fulfillment of a selection, which had been made by the State prior to the United States surveys of the land; and on April 24, 1874, the State issued the patent to the plaintiff's grantor. Against the listing of the land to the State the defendant protested, and contested the title of the State; but the United States authorities decided the contest against him, and in December, 1876, canceled his declaratory statement. Yet the defendant continued to reside with his family on the land, as before the

issuance of the patent, and has since continuously resided thereon, claiming title to it against the plaintiff and others; but his claim of title was not founded upon any instrument in writing, judgment, or decree of a competent court; it was founded only on what was claimed to have been an adverse possession of the land for the statutory time. Of course, if there was a sufficient adverse possession to put in motion the Statute of Limitations the time of the statute began to run in favor of the defendant only from the date of the patent to the plaintiff; it did not run against the United States nor the State. (*Davis* v. *Davis*, 26 Cal. 46; *Johnson* v. *Van Dyke*, 20 Cal. 228; *Beach* v. *Gabriel*, 29 Cal. 580; *Sabichi* v. *Aguilar*, 43 Cal. 291; *Manley* v. *Howlett*, 55 Cal. 94.) From the date of the patent to the commencement of the action there was a period of seven years, and the question is, Was the possession of the defendant during that time adverse?

To constitute such a possession in favor of one who does not claim under color of title, land is deemed to have been possessed and occupied in the following cases only:—

"1. Where it has been protected by a substantial enclosure.

"2. Where it has been usually cultivated or improved.

"*Provided, however,* that in no case shall adverse possession be considered established, under the provision of any section or sections of the Code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, State, county, or municipal, which have been levied and assessed upon such land." (§ 325, Code Civ. Proc.) That was the law in force at the commencement of the action, upon the subject of adverse possession; and to entitle the defendant to its benefits he was bound to show a compliance with its provisions. According to the uncontroverted evidence of the defendant himself, he failed to show an adverse possession, for the land was not protected by a substantial enclosure; nor has it been exclusively cultivated by the defendant; nor has he paid the taxes upon the land; on the contrary, it is an uncontroverted fact that the plaintiff has paid the taxes every year.

Upon the subject of his occupation, the defendant, upon his examination as a witness in his own behalf, testified that he had built a house, dug several wells, and made some corrals on the

land after he had entered on it as a pre-emptor; that since then he had continuously resided upon it, "claiming it all as a pre-emptor of government land, adversely to everybody," and cultivated a portion of the tract, at no time exceeding twenty or twenty-five acres, for several years. Assuming that such an occupation, without an actual enclosure of the tract, would be sufficient, yet, as the defendant failed to pay the taxes on the land, he has not performed the acts required by the Statute of Limitations. In consequence of that failure, there was no such adverse possession taken and held by him, with the requisites and circumstances specified in the Code, as entitled him to the benefit of the Statute of Limitations. Therefore, in law, he is to be regarded as a mere trespasser. The verdict was therefore against the evidence, and the instructions of law given by the court, and should have been set aside.

Judgment and order reversed, and cause remanded.

Ross, J., and McKinstry, J., concurred.