[No. 9990.  In Bank. — July 30, 1886.]

SILAS COX et al., Respondents, v. F. S. CLOUGH et al., Appellants.

70   345
104  146

Water Rights — Adverse Possession and User — Claim of Right. — An adverse possession and user of water for five years continuously and uninterruptedly, with the knowledge of and to the injury of the true owner, will bar the right of the latter thereto; but a mere claim of right to the use and enjoyment of the water, however long continued, will not have that effect.

Id. — Statute of Limitations — Denial of Right to Possession. — The mere denial by the owner of the right of the adverse user to the possession of the water is not a sufficient interruption thereof to prevent the statute of limitations from operating as a bar.

Id. — Findings — Evidence. — The findings on the plea of the statute of limitations examined, and held sufficient, and supported by the evidence.

Appeal from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Byron Waters,* and *Curtis & Otis,* for Appellants.

*Rowell & Rowell,* and *H. M. Willis,* for Respondents.

SEARLS, C.—This is an action to determine the right to the use of the water of certain springs, and of a stream flowing therefrom, situate in the county of San Bernardino.

According to the allegations of the complaint, plaintiffs have a right to the uninterrupted use and flow of five ninths, and the defendants are entitled to the flow and use of four ninths, of the water of San Timoteo Creek, and they pray judgment that they are so entitled, and that defendants be enjoined from interfering with the flow of water five out of every nine days, etc.

Defendants, in addition to other defenses, pleaded the statute of limitations.

The cause was tried by the court without a jury, written findings filed, and judgment entered thereon, in which it was adjudged and decreed that the plaintiffs were entitled to the use of one half of the waters of San Timoteo Creek flowing from or through the lands of both plaintiffs and defendants, save and except the water of certain springs, the waters of which do not flow to and into the creek, and a perpetual injunction was decreed in accordance with the rights as thus established.

The appeal is by defendants from the judgment, and from an order denying a motion for a new trial.

Appellants contend that the judgment should be reversed for want of findings upon the issues raised by their plea of the statute of limitations.

The seventh finding of the court, against which the argument of appellants is directed, is defective as a finding of fact under the statute.

The finding is in effect, that ever since the issuance of a certain patent, the defendants and their grantors have claimed the right to the exclusive use of all the waters of the stream to be used upon their land for agricultural

and domestic purposes, but said right has never been acquiesced in by the plaintiffs and their predecessors in interest, who have disputed the right of the defendants to such exclusive use of the waters, and claimed an equal right with defendants to the use of the same for like purposes.

An adverse possession and user of water for five years, continuously and uninterruptedly, with the knowledge of and to the injury of the true owner, will bar his right thereto. (*Union Water Co.* v. *Crary,* 25 Cal. 509; *Davis* v. *Gale,* 32 Cal. 35; *Evans* v. *Ross,* 65 Cal. 439.)

But a mere claim of a right to the use and enjoyment of water, however long continued, will not ripen into adverse title thereto.

It is the actual appropriation, followed by open, notorious, continuous, and exclusive possession for the time limited by statute under claim of title, that gives the right.

So, too, on the other hand, if the defendants used and held the water adversely for five years next before suit was brought, the mere disputing their right to such possession by the plaintiffs would not prevent the bar of the statute.

The peaceable possession must be disturbed,—the continuity of such possession broken, within the statutory period, in order to defeat the plea, if otherwise supported by proof.

The seventh finding might be literally true,—that is, defendants and their grantors might have "claimed the right to the exclusive use of all the waters," and yet they may never have been for a moment in possession of any such waters.

It follows that unless the other findings settle the question raised by this issue, the error assigned must be upheld.

Referring to such other findings, and it appears:—

1. Under the fourth finding, that the lands owned by

plaintiffs were public lands of the United States until they or their grantors acquired title thereto, which was as follows: J. R. Frink on the ninth day of August, 1872; Silas Cox on the twentieth day of August, 1874; Berry Roberts, 1877; George M. Frink, September 2, 1878.

2. The sixth finding is to the effect that defendants or their predecessors did not appropriate the water of said stream to their exclusive use, *or at all*, while the lands of plaintiffs or any part thereof was the property of the United States, nor prior to the issuance of the patent to Rubidoux, their grantor.

If defendants did not appropriate the water while any part of the lands of plaintiffs was the property of the United States, then they did not appropriate it prior to the second day of September, 1878, for that is the date of the patent to George M. Frink.

The complaint in this cause was filed August 13, 1883, less than five years after the date of such patent. It must therefore follow from these findings that defendants had not been in the exclusive possession of the water for five years prior to suit brought.

It is true that by the seventh finding the claim of right to the exclusive use of all the waters of the stream is made to run back to the date of the Rubidoux patent, which is August 13, 1872.

Taking these several findings together, and it will be seen they are not inconsistent.

In substance, they say the defendants and their grantors have claimed the exclusive right to all the waters of the stream since August 13, 1872, but they had not appropriated such waters to their exclusive use as against the plaintiffs up to September 2, 1878.

The whole theory of the defendants' plea of the statute of limitations is founded upon appropriation and exclusive adverse possession of all of the water for five years, and the findings negative the facts essential to support the plea.

Does the testimony support the findings ?

In an examination of this question, we are met with the difficulties usually attendant upon an inquiry into the origin and acquisition of the right to the use by individuals of water for irrigation.

The appropriation of water for mining purposes through ditches conducting it away from the natural streams of the country is usually preceded by a formal location or designation of the quantity of water to be claimed, the character, size, grade, and extent of the ditch, flume, or viaduct through which it is to be conducted; all of, which specifications afford a criterion by which to measure and limit the extent of the right when consummated by an actual appropriation.

Like observations apply to the appropriation of water on a large scale for agricultural or mechanical purposes.

In appropriating water for irrigation by agriculturists of land adjacent to the small streams, so far as our observation extends, as in the present case, no extended works are required, and the quantity of water actually appropriated is at first limited to the wants of the appropriator, and gradually expands with, the increasing demands of the owner, which are usually in direct ratio with the increased acreage brought under cultivation.

In the one case, the right may be said to be created, — to spring up full grown, with definite limits and bounds; in the other, it grows up imperceptibly, and the criterion by which to measure it at one date cannot be relied upon at another.

We need not, therefore, be surprised in this last class of cases at finding the testimony of different witnesses varying greatly when speaking of facts only treasured in memory, or obtained from observation at different periods.

Again, the problem is complicated by the fact that the water is frequently used only at intervals, as the wants of the appropriator may demand, and the lower appro-

priator on the same stream having found the water flowing, and having also used it at intervals during each year, and having accommodated his wants to the fitful supply, in process of time ceases to remember aught except the important fact of his user, and is ready to say in all honesty and sincerity that his appropriation has been regular and continuous.

Appropriation and user of water are facts to be determined like any other facts from the testimony adduced; and in view of all the testimony, we do not feel warranted in disturbing the findings of the court below upon the ground that they are not supported by the evidence.

These observations cover the points relied upon by appellants, and we are of opinion that the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.