[No. 18256.    Department Two.—September 8, 1894.]

## J. C. HUMPHREYS, Respondent, *v.* A. A. BLASIN-GAME, Appellant.

Easement — Right of Way — Prescription — Use Under Claim of Right.—In an action to establish a right of way by prescription, where there is no conflict in the evidence as to the user of the way, the question whether the use was under claim of right or as a mere matter of neighborly accommodation is for the jury, or the court sitting without a jury, to determine as a fact, in the light of the relations between the parties and all the surrounding circumstances. In the present case the evidence is held sufficient to warrant the finding that the use was under a claim of right.

Id.—Evidence—Way of Necessity—Harmless Error.—In such a case the admission of evidence on the part of the plaintiff tending to show a right of way by necessity, rather than a right by prescription, conceding it to have been erroneous, is without prejudice, if the exclusion of such evidence would not have changed any finding or the result of the case.

Id.—Ouster—Payment of Taxes.—In order to acquire a right of way by prescription it is not necessary that the use should amount to an ouster or exclusion of the defendant from a right to use the way. It is sufficient if the user is hostile, so as to be a trespass. Nor is it necessary that the adverse possessor should have paid the taxes on the land affected by the right of way, there having been no separate assessment of the easement.

Appeal from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*Sayle & Coldwell*, for Appellant.

*J. B. Campbell*, and *C. C. Merriam*, for Respondent.

Haynes, C.—Plaintiff is the owner of about five acres of land upon which he resides, and is also the owner of one hundred and sixty acres separated from the residence parcel by intervening lands of the defendant, over which the plaintiff claims a right of way between his two parcels. The defendant having denied the plaintiff's right and closed up the way, this action is brought to establish plaintiff's right, and to recover damages, and for an injunction. The cause was tried

by the court without a jury, and the plaintiff had findings and judgment, and the defendant appeals from the judgment and an order denying a new trial.

The court found that plaintiff had been for thirteen years and more the owner of the parcel mentioned, and that defendant for a period of eight years had been the owner of said intervening land. The fourth finding is as follows:

" That for the period of thirteen years and upwards plaintiff and his grantors have under claim of right continuously and adversely to all the world and uninterruptedly held, had, and used said right of way, and a certain roadway along the right of way above described, for travel by wagon and team and of sufficient and ample width for such purpose."

Other findings describe the way by courses and distances, that plaintiff is the owner of it, the interruption of the use by defendant, that plaintiff has sustained damage in the sum of five dollars, and that the acts of defendant prevent the use of plaintiff's larger tract.

The findings are attacked upon the ground that they are not justified by the evidence.

Plaintiff had occupied his five-acre lot for seventeen years, and became the owner of the one hundred and sixty acre tract about four years later, and used the way in controversy during all the time since becoming the owner of the latter tract. The one hundred and sixty acre tract was patented by the United States to William Lowery in 1876, and from that time, if not before, the way in question was used by its owner. Defendant's land was acquired from the government by one Pitman, who afterwards sold and conveyed to E. T. Lowery, the brother of William, and this way was used during the ownership of Pitman and Lowery, and when defendant became the owner.

Appellant insists that plaintiff used the way without any claim of right, and was permitted to do so by the defendant as a matter of neighborly accommodation, and that the way was one used by the defendant and

his predecessors for the uses of the land now owned by defendant.

There is no conflict in the testimony as given by the witnesses as to the facts of the use. It is with the facts inferred from the use under the circumstances detailed by the witnesses that appellant finds fault. But these inferred facts are as fully within the domain of the jury, or of the court sitting without a jury, as the facts from which they are inferred.

The plaintiff testified that he found the way in existence when he bought the five acres; that the way passed by defendant's house, and that portion of it between defendant's house and the "Toll House" road was used by defendant and others, and that he supposed he had a right of way through there, that he used it from the time he acquired the one hundred and sixty acres to haul wood and hay and his farming implements whenever he had occasion, that the fact that he owned the one hundred and sixty acres and that the road had always been there gave him the right, that the right was never questioned until defendant closed the gate the preceding December, and that he never had occasion to tell defendant until then that he had such right because the question never came up between them.

In *Thomas* v. *England,* 71 Cal. 460, it is said: "To perfect an easement by occupancy for five years, the enjoyment must be *adverse, continuous, open, peaceable.* It must be adverse, and under claim of legal right so to do, and not by the consent, permission, or indulgence merely of the owner of the alleged servient estate. This is quite obvious in cases where the consent, permission, or license is expressly given. But it is no less true where the permission or license is implied, as it may well be from the facts and circumstances under which the use was enjoyed. The question is one for the jury, or for the court sitting as such, to determine as a fact, in the light of the relations between the parties and all the surrounding circumstances."

We think the evidence sufficient to support the find-

ing that the way was used by plaintiff for more than the statutory period under a claim of right, and that the use was not merely permissive.  He had used it five years or more before defendant acquired the property, and was so using it when defendant acquired it.  The use could not, therefore, have originated in defendant's permission, either express or implied, and the fact that defendant made no objection, nor any inquiry as to plaintiff's right, is quite as significant of an admission of such right as it is of a mere permissive use, whilst the fact that plaintiff never asked permission to use the way is at least suggestive of a claim of right to use it. Other circumstances might be referred to which tend to strengthen the conclusion reached by the learned judge, but as we see no ground upon which his finding can be set aside, it is not necessary to do so.

Several exceptions were taken to the admission and exclusion of evidence.

The ownership of the different parcels of land involved, and the dates of transfer were material, and the deeds were competent evidence as to each of those facts.

The other exceptions related to the possibility or impossibility of reaching plaintiff's one hundred and sixty acre tract otherwise than over the way claimed, the difficulties to be encountered, the distance, and other matters of like character.   We think the evidence given by plaintiff upon these questions tended to shed light upon the question of plaintiff's claim to a right of way, though it seems to have been supposed by plaintiff that the difficulties of reaching his land by any other route were such as gave him a right of way of necessity across defendant's land, rather than a right by prescription.   That he was mistaken upon a question of law does not affect the fact that he claimed a right to cross defendant's land by a road which he found in existence when he purchased the one hundred and sixty acre tract.   But however that may be, if these rulings had been in favor of defendant it could not have changed any finding or the result of the case, and,

therefore, if it be conceded that the court erred, the defendant was not prejudiced.

Counsel for appellant cites cases to the point that plaintiff's possession must have been hostile, and that such hostile possession must have amounted to an *ouster* of defendant.

Plaintiff's use of the way under a claim of right was necessarily hostile, but it need not amount to an ouster or exclusion of the defendant from a right to use the way. The use of the way, if without right, is a trespass, which would have given the defendant a right of action; and that is all that is necessary to set the statute running, so far as a right of action is concerned. (*Hanson* v. *McCue,* 42 Cal. 303; 10 Am. Rep. 299; *Lakeside Ditch Co.* v. *Crane,* 80 Cal. 183; *Sullivan* v. *Zeiner,* 98 Cal. 347.)

So the payment of taxes is necessary to the successful assertion of title by adverse possession, as provided now by statute, but that requirement does not apply to a mere easement which is not separately assessed for the purposes of taxation.

It is further contended by appellant that the judgment is too broad because it includes the right to use the way for driving over it cattle, sheep, and other stock; and, as respondent does not seriously object to this contention, the judgment should be modified in this respect.

We advise that the order appealed from be affirmed; that the judgment be modified so as to exclude the right of the plaintiff to use the way for driving cattle, sheep, hogs, or other stock in herds, bands, droves, or when loose and not under control, and as thus modified it be affirmed, and that the costs of this appeal be taxed to appellant.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, it is ordered that the judgment appealed from be modified so as to conform to the said opinion, and that as modified the judgment and order appealed from be affirmed at the cost of appellant.

McFARLAND, J., FITZGERALD, J., HARRISON, J.