[Civ. No. 1543. Second Appellate District.—December 8, 1915.]

## JOHN LAPIQUE, Respondent, v. ALONZO MORRISON, Appellant.

EASEMENT—RIGHT OF WAY BY NECESSITY.—A right of way by necessity can only be claimed and held where it furnishes the only way by which access may be had to the property of the claimant.

ID.—RIGHT OF WAY—ADVERSE USER—CONTINUOUS USE.—While a right of way may be acquired by adverse possession, where it is so asserted the party claiming it must prove its continuous and uninterrupted use.

ID.—ADVERSE POSSESSION—TITLE OF UNITED STATES AND STATE UN-AFFECTED BY.—Title by adverse possession cannot be asserted as against the ownership of the United States or of the state in lands which have not been patented.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. James W. Bartlett, Judge presiding.

The facts are stated in the opinion of the court.

Kendrick & Ardis, for Appellant.

J. Lapique, *in pro. per.*, and Haas & Dunnigan, for Respondent.

JAMES, J.—This action was commenced by Pierre Agoure, who claimed right to the use of a right of way for road purposes across the land of defendant. By the allegations of

the complaint facts are alleged which support both a cause of action to assert the right in the plaintiff to the use of the road, as of necessity, as well as the right by adverse user; at least, such is the general complexion of the allegations contained in the complaint. In the prayer it is demanded that defendant be enjoined from interfering with the plaintiff's use of the alleged right of way, and also that the interest of plaintiff therein be quieted as against the defendant. After trial was had and judgment rendered in favor of the plaintiff, an order was made substituting the respondent herein as party plaintiff, the order of the court in that behalf reciting that it appeared that the estate, right, title, and interest in the action had been assigned by the plaintiff to the respondent. No point is made as to the regularity of this order.

We think the assignability of the *cause of action* in this particular case might well be questioned, but as the point is not raised, we are not called upon to determine that matter. However, we think that the judgment and order denying the defendant a new trial, both of which were appealed from, must be reversed. The evidence is not sufficient to support either. In the first place, the findings of the court are not such as to establish facts in support of the claim that a right of way existed in Agoure's favor as of necessity. The only suggestion in that direction is the statement in the findings that the roadway "is necessary to the reasonable enjoyment and use of plaintiff's said lands." It is well established that a right of way by necessity can only be claimed and held where it furnishes the only way by which access may be had to the property of the claimant. "The right of way from necessity must be in fact what the term naturally imports, and cannot exist except in cases of strict necessity. It will not exist where a man can get to his property through his own land. That the way over his own land is too steep or too narrow, or that other and like difficulties exist, does not alter the case, and it is only where there is no way through his own land that a grantee can claim a right over that of his grantor. It must appear that the grantee has no other way." (*Kripp* v. *Curtis,* 71 Cal. 62, [11 Pac. 879].) The relation of grantor and grantee did not exist as between Agoure and this defendant, but even though such had been their relation, the facts found by the court do not establish the most material thing, to wit, that the plaintiff could not obtain access to his property except by use of

the right of way claimed. Turning to the evidence, we find that the facts shown do not establish any such condition. It appears that for many years prior to the year 1903, Agoure and other persons had driven across the land now owned by the defendant in order to reach a certain tract composed of fifteen thousand acres held by Agoure. All of this land was in a hilly region, and it was more convenient for Agoure to cross the land of defendant and the former occupants thereof than it was to travel by a different route. There was direct testimony of a hill route leading out from Agoure's land to the county road, which, however, it was stated was so rough as to make it difficult to transport any load there across. But it was nowhere shown that by the expenditure of some money and labor—perhaps a considerable amount of both—this hill route could not have been converted into a roadway of practicable grade and width. So it is very clear that no ground existed upon which Agoure or the plaintiff could assert legal necessity for the right of way as claimed. It appears that the plaintiff relied further, and the trial judge evidently sustained his claim in that regard, upon the fact that he had made use of the road for a long period of years. The court found that the right of way had been used for a period of more than five years prior to the commencement of the action. Easement rights may be so acquired, but where they are asserted, the party claiming them must prove an uninterrupted use of the right of way. Title to the land now owned by the defendant was held by the government of the United States up to the year 1903, when a patent was issued by which such title was divested. Since the year 1903, the evidence showed that this roadway had been plowed over and grain had grown up at times in the tracks. There was testimony for the defendant, which was uncontradicted, that haystacks had been placed across the roadway subsequent to the year 1903. The period included within that which will give title by adverse possession cannot commence to run at any time as against the ownership of the United States or of the state. (*O'Connor* v. *Fogle,* 63 Cal. 9, 11.) So, under the facts disclosed by the record, no claim by adverse user could have been raised prior to the year 1903, nor until five years had elapsed after issuance of patent to the defendant's land. During the latter period, we think the evidence clearly shows that the use which Agoure made of the right of way was not

continuous and uninterrupted; it was more in the nature of a user by permission. The country there was largely open and uncultivated. It was hilly land, as above stated, and persons generally having occasion to travel in that region adopted whatever route might appear to be the shortest, which they were allowed to do as a matter of accommodation by the land owners. The defendant could hardly have been placed upon notice, under the circumstances, that Agoure expected, because of the permission accorded him, to base a claim to easement rights in the roadway; for his general conduct was not such as to indicate his determination so to do. If he had intended to insist upon such a claim, his acts, as they are generally described by the testimony, and considering the practice adopted by travelers in that sparsely settled country, do not sufficiently so indicate. On this point, see *Clarke* v. *Clarke,* 133 Cal. 667, 670, [66 Pac. 10].

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.