[Civ. No. 4213. First Appellate District, Division One.—May 16, 1922.]

## C. P. WELLS, Respondent, v. M. A. DIAS, Appellant.

[1] RIGHT OF WAY — PRESCRIPTION — USER.—A prescriptive right of way can only be created by user which is neither expressly nor impliedly licensed or permissive, and such user must be adverse and hostile and under a claim of right communicated to the owner of the land.

[2] ID.—USER UNDER CLAIM OF RIGHT—PRESUMPTIVE KNOWLEDGE OF OWNER.—Where the user is continuous or openly and notoriously adverse to the owner, it creates a presumptive knowledge in him that the person using the land is doing so under a claim of right.

[3] ID.—EVIDENCE—PRESCRIPTIVE RIGHT OF WAY.—Where a road had been in existence since 1877 and had been used by the person claiming the right of way and his predecessors in interest for over twenty years continuously and without hindrance from any source, it must be presumed that the use of the easement was under a claim of right and adverse to the owner, and such presumption, in the absence of evidence to the contrary, was sufficient to establish a prescriptive right of way.

[4] ID.—CHARACTER OF USER—QUESTION OF FACT.—The question as to whether the use of a road is under claim of right or a matter of neighborly accommodation is one for the court or jury to determine as a fact in the light of the relation between the parties and all the surrounding circumstances.

[5] ID.—USE OF ROAD IN COMMON WITH OTHERS—PRESCRIPTIVE CLAIM UNAFFECTED BY.—Where the use of a road is such as to indicate to the owner that it is under a claim of right, the fact that the road is also used by others does not impair such claim.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Kauke and H. R. Crozier for Appellant.

Thomas F. Lopez and C. M. Ozias for Respondent.

1. Acquisition of easement of way or passage by use and severance, notes, 26 L. R. A. (N. S.) 346; L. R. A. 1915C, 349.

TYLER, P. J.—This action was brought to enjoin defendants from interfering with the use and enjoyment of an alleged right of way over the lands of defendants. Plaintiff claimed that the right of way has been used openly and adversely by him and his grantor and by others as a means of ingress and egress to his lands for wagons, teams, and vehicles, for more than ten years prior to the filing of the complaint. Defendant denied that plaintiff had any such right of way or other interest in the lands, and by cross-complaint alleged that he was the sole owner thereof, and prayed that his title be quieted as against the plaintiff, whom he seeks to enjoin from further trespassing upon the property. Trial was had before the court sitting without a jury. Plaintiff had judgment and defendant appeals.

From the record it appears that one Manuel Valenzuela, some twenty-five years ago, procured title to the land upon which the easement is claimed, partly by homesteading and partly by purchase. Valenzuela conveyed to one Merz, who in turn sold to defendant about two years prior to the filing of this complaint. Situated on the property in question is a road. This road is known as the Jacalitos Creek road, and it runs in a northerly and southerly direction through the lower foothills of the Coast Range Mountains some distance out from the city of Coalinga, in Fresno County. The road follows Jacalitos Creek, which creek flows through and over the property of defendant, and enables plaintiff and others who live in the immediate neighborhood to reach Coalinga and the plains below which lie east of the Coast Range Mountains. Plaintiff's property and residence is located in a southerly direction from, and a short distance above, defendant's lands. In July, 1920, defendant laid a pipe-line across the road, making it more or less impassable, and prevented plaintiff from using the same. The present suit followed. The trial court found that for more than twenty years last past the road in question existed and still exists, and that it has been used during all of said time by plaintiff and his predecessors in interest for the purpose of going to and from their property. It further found that for more than ten years plaintiff and his predecessors have used the road uninterruptedly, openly, notoriously, continuously, and adversely to the rights of defendant and his predecessors in

interest, and with their full knowledge and without asking or receiving permission from anyone, and without objection, and that plaintiff by such use had acquired a right by prescription to the claimed easement. The sole question here presented is whether or not the evidence supports the finding that plaintiff acquired by prescription a right of way over and through the lands in question.

[1] Such a right can only be created by user which is neither expressly or impliedly licensed or permissive, and such user must be adverse and hostile and under a claim of right communicated to the owner of the land. [2] Where, however, the user is continuous or openly and notoriously adverse to the owner, it creates a presumptive knowledge in him that the person using the land is doing so under a claim of right. [3] Here the evidence shows without conflict that the road in question has always been in existence, or at least so since 1877, and has been used by plaintiff and his predecessors in interest for over twenty years, openly, continuously, and without hindrance from any source. In such a case it is to be presumed that the use of the easement was under a claim of right and adverse to the owner, and such presumption, in the absence of evidence to the contrary, is sufficient to establish a prescriptive right of way. (*Yuba Consolidated Goldfields* v. *Hilton,* 16 Cal. App. 228 [116 Pac. 712, 715].)

[4] Appellant, while conceding the user, contends that the evidence merely shows that the road was used by plaintiff in common with the public in general by way of neighborly accommodation, and that plaintiff never communicated to defendant any claim of right to travel over the land. The question as to whether the use was under claim of right or as a mere matter of neighborly accommodation is one for the court or jury to determine as a fact in the light of the relations between the parties and all the surrounding circumstances. (*Humphreys* v. *Blasingame,* 104 Cal. 40 [37 Pac. 804]; *Fleming* v. *Howard,* 150 Cal. 28 [87 Pac. 908]; *Conoway* v. *Toogood,* 172 Cal. 706 [158 Pac. 200].) The findings upon this subject will not, therefore, be disturbed. [5] Further claim is made that no presumption of grant of right of way could arise where there is evidence to show that the way was used in common with the public. We see no merit in this contention. The user

on the part of plaintiff was in no manner impaired by the enjoyment of a like right in others. Whatever may have been the nature of their use, the claimed easement of plaintiff was not based thereon, nor dependent for its enjoyment upon this fact. The evidence upon this subject shows that the use enjoyed by plaintiff and his predecessors was had under such circumstances as would indicate to the owner of the land that such use was claimed by them as of right, and that it was not regarded by the parties as a mere privilege revocable at the pleasure of the owner of the soil, and it is sufficient to warrant and support the findings. (*Tarpey* v. *Veith,* 22 Cal. App. 289, 292 [134 Pac. 367].)

Complaint is made of the admission of evidence on the part of plaintiff tending to show a right of way by necessity rather than by prescription. Conceding the admission of this evidence to have been erroneous, it is without prejudice, as it in no manner could have controlled any finding or changed the result of the case. (*Humphreys* v. *Blasingame,* 104 Cal. 40 [37 Pac. 804].) Nor does the fact that the evidence shows that the road was barred by gates which were required to be opened and closed in passing over the land affect the finding that plaintiff had acquired a prescriptive use. (*Bolger* v. *Foss,* 65 Cal. 250 [3 Pac. 871]; Jones on Easements, sec. 279.) The evidence upon this subject merely showed that when fences were first erected upon the property gates were placed thereon to prevent cattle from destroying the crops, and that they in no manner interfered with plaintiff's enjoyment of the easement.

From what we have said it follows that the judgment should be, and it is hereby, affirmed.

Kerrigan, J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 13, 1922.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.,* was acting.