[Sac. No. 4879.   In Bank.—May 29, 1935.]

W. I. CROSSETT, Appellant, v. J. J. SOUZA et al., Respondents.

J. S. Hutchinson and F. A. Meyer for Appellant.

Barrett & McConnell and F. L. Manker for Respondents.

THOMPSON, J.—This action was commenced for the purpose of quieting plaintiff's title to four and three-quarters acres of land near Occidental, Sonoma County—and in particular against the claims of defendants to a right of way across the same. The defendants interposed a cross-complaint setting forth their claims to the right of way, but not otherwise contesting the ownership of plaintiff. Judgment was rendered in favor of defendants, decreeing them to be the owners of an easement of a right of way fifteen feet wide across the lands of plaintiff. This appeal from the judgment is prosecuted by the plaintiff.

Responsive to the issues framed by the pleadings the trial judge made findings to the effect that for more than five years prior to the commencement of the action the defendants and their predecessors in interest had traveled over the right of way (which is specifically described) "with horses, vehicles and on foot . . . continuously, openly, notoriously, peaceably, uninterruptedly, under claim of right and adversely to the plaintiff and his grantors . . . " as a means of ingress and egress to their own property adjoining

that of plaintiff, and were by reason thereof the owners of an easement therefor. It is immediately obvious that the real question on this appeal is whether the evidence supports the findings. It will be sufficient, therefore, if we set down the evidence adduced by the defendants to sustain their claims. It appears that prior to 1910 the road was in use and has been used regularly, except for the interruptions hereafter noted, since that time by neighbors, deliverymen and others. In fact, the southerly portion of the road, it was testified, had been in use for forty years prior to the trial, but the location of the northerly portion had been changed—apparently prior to 1910. Those using the way graded the road occasionally with the county grader (from 1924 to 1928 every year), and graveled it to some extent. In 1911 A. D. Bush and his family lived on the Souza property and traveled the road, and later another Bush family. Then in 1920 and 1921 a family named Taduccis did the same, and following them the second Bush family again. The testimony also discloses that while there were two other roads leading to the Souza property they were difficult of passage, and in fact impassable to automobiles during the rainy season, as a result of which all the neighbors used the Crossett road exclusively in the wintertime. The respondents purchased their property April 12, 1924, and occupied it almost immediately. They used the road in question continuously except for the interruptions, if they can be called such, we will now mention. In October or November, 1928, plaintiff erected iron gates at each end of the road, but did not lock them. About September of that year appellant called on Mrs. Souza, her husband not being at home, by reason of his employment with the Northwestern Pacific Railroad, and induced her to sign the name of her husband to a paper requesting the privilege of passing across appellant's property, and agreeing to pay one dollar for the right for the period of one year from date. The testimony discloses that she never said anything concerning the incident to her husband and that he did not know anything about it or authorize her to enter into any such arrangement. The gates however were not locked until some time in October or November, 1929. After Mrs. Souza and some other ladies protested the locking thereof she was given a key, which her husb

advised her to throw away. It is somewhat doubtful how long they remained locked, but Mrs. Souza testified it was about two months. However, she further added that when the neighbors wanted to go through they simply removed a small picket which permitted the chain which was locked to be lifted over the post and the gate to be opened. The other respondent says that he was not prevented from passing over the road at any time for more than twelve hours, although he was working away from home a good deal. The plaintiff testified that the locked gate was gone in about a month. Subsequently and in 1930 ditches were dug across each end of the road and trees felled, but Mrs. Souza, with the aid of the school children, almost immediately filled up the ditches and she and a young man sawed up the trees within a couple of hours after they obstructed the road. Posts placed during 1931 in the road at each end remained in place not to exceed two days according to appellant's testimony, but not any appreciable time according to other testimony.

It is apparent from the recital of the supporting testimony that the user was so continuous and covered such a length of time and was so openly and notoriously adverse that knowledge of the claim of right will be presumed. (See *Wells* v. *Dias,* 57 Cal. App. 670 [207 Pac. 913]; *Pacific Gas & E. Co.* v. *Crockett L. & C. Co.,* 70 Cal. App. 283 [233 Pac. 370], and cases there cited.)

Nor can it be said the court was not justified in concluding that the user was of sufficient duration. The respondents themselves as owners of the adjoining property used it for a period in excess of five years under the mentioned claim of right before the gates were locked. In so far as the document is concerned to which Mrs. Souza signed her husband's name without authority asking for the privilege of crossing appellant's land, it was evidence only so far as she is concerned that the user was permissive. The trial court passed upon its weight in determining the question of fact and we are not permitted, nor are we inclined under the state of the record here, to interfere with that conclusion.

The trial court also determined from testimony concerning the traveled width of the road, and the number of available for vehicles to pass and all the other cir-

cumstances of the case, that the right of way was fifteen feet wide. Appellant argues that because there is testimony that the traveled portion is only eight or ten feet wide that it must be confined to that limit without taking into consideration that testimony which says that vehicles can and have passed each other along the road. This is a matter which belongs especially to the trial court, and we should not attempt in view of the showing here to overthrow it.

The judgment should be and it is affirmed.

Shenk, J., Curtis, J., and Waste, C. J., concurred.