[Civ. No. 12437. First Dist., Div. Two. July 26, 1943.]

JOSE S. ROSE, Appellant, v. LENA PETERS et al., Respondents.

834

Herbert E. Paul for Appellant.

Whitehurst & Logan for Respondents.

NOURSE, P. J.—Plaintiff sued in equity to enjoin the use of an irrigation ditch running across his land, and for damages for the use of the ditch. Defendants filed a cross-complaint for declaratory relief seeking a determination of the rights and duties of the respective parties in relation to the ditch. The defendants had judgment declaring that they were entitled to use the ditch for irrigation purposes, to pass over and through plaintiff's land to maintain the ditch and, for that purpose, to use a certain roadway running through plaintiff's land. It was also declared that defendants were bound to maintain the ditch in reasonable condition to prevent injury to plaintiff's land, and that the latter was bound to maintain fences on either side of the ditch to prevent injury to the banks from his cattle and livestock. The plaintiff appeals from the judgment on the cross-complaint. He attacks the portions of the judgment requiring him to protect the banks of the ditch and giving defendants an easement in the roadway.

The ditch was constructed in the early 70's and had been used continuously by defendants, or their predecessors in interest, ever since. During all this time the defendants, or their predecessors, had used the road, or lane, as a means of egress to clean, maintain, and control the flow of water during the irrigating period. The common ownership in the properties terminated about 1907 and the defendants, either directly or through their predecessors, continued to use the ditch and the road until 1936 when the plaintiff complained that injury was being suffered. A settlement of differences was then made wherein plaintiff agreed to fence both sides of the ditch and the defendants agreed to improve and maintain it. The agreement was carried out until the year 1940, when plaintiff commenced this action.

The first point raised by appellant, relating to the

portion of the judgment requiring him to maintain the fences and protect the sides of the ditch, is controlled by the executed oral agreement of the parties made in 1936. The position of respondents is unanswerable. The easement for the operation of the ditch is conceded. The agreement relating to its maintenance called for mutual obligations and those of the respondents have been fully performed. We may take it as settled that ordinarily the owner of an easement is required to keep it in repair, but it is a monotonous truism that the parties may alter their legal obligations by contract. Hence, since an easement may be created by an executed oral agreement (*Flickinger* v. *Shaw,* 87 Cal. 126 [25 P. 268, 22 Am.St.Rep. 234, 11 L.R.A. 134] ; 9 Cal.Jur. p. 949) there is nothing unreasonable in the rule that the owner of the servient tenement may by agreement obligate himself to join in keeping the easement in repair. (17 Am.Jur. 1005.) This was what was done here. The contract carried mutual considerations; the appellant accepted all the benefits; has made no effort to rescind the contract; and has shown no grounds in this proceeding supporting his repudiation of it. The case of *Durfee* v. *Garvey,* 78 Cal. 546 [21 P. 302], upon which appellant puts his whole case, is not in point. There the court merely followed the accepted rule that the owner of an easement had the duty to maintain and repair it. The question of the rights of the parties under a special covenant to maintain and repair was not involved.

The second point raised by the appellant does not require extended comment. He argues that respondents' right to use the road in maintaining and repairing the ditch can be defended only upon the theory that the road is a way of necessity. He follows this with the argument that other means are equally available. But respondents do not rely upon this theory. Their claim to the use of the road rests squarely upon prescription. The evidence shows that the road was in open and uninterrupted use for more than fifty years. From this the presumption arises that the use was under a claim of right and adverse. (*Fleming* v. *Howard,* 150 Cal. 28, 30 [87 P. 908] ; *Wells* v. *Dias,* 57 Cal.App. 670, 672 [207 P. 913] ; 28 C.J.S. 641; 17 Am.Jur. 967.)

The judgment is affirmed.

Spence J., and Dooling, J. pro tem., concurred.