[Civ. No. 15266.   Second Dist., Div. Two.   Apr. 10, 1946.]

RUTH SAWYERS STEVENS et al., Respondents, v. DINO MOSTACHETTI et al., Appellants.

Alfred D. Haines, Schauer, Ryon & McMahon and Charles Reagh for Appellants.

W. P. Butcher for Respondents.

McCOMB, J.—Defendants appeal from a judgment in favor of plaintiffs after trial before the court without a jury in an action to establish a right of way across defendants' land.

Defendants are owners of a ranch in Santa Barbara County known as the "Romo Ranch," which is situated westerly from and below a mountain ranch belonging to the plaintiffs and known as the "Sawyers Ranch." For more than thirty-five years plaintiffs have used a roadway across the Romo Ranch. The trial court gave judgment in favor of plaintiffs for an easement and right of way across defendants' ranch.

Defendants urge reversal of the judgment on the following proposition:

There is not any substantial evidence to sustain the trial court's findings:

*(1)* "... *that it is not true that the use made of said roadway by plaintiffs was permissive, but as a matter of fact said use made by the plaintiffs was hostile, adverse and under a claim of right";*

*(2)* "*That it is true that the plaintiffs have no plain, speedy or adequate remedy in law in that said easement and right of way is the only means of access to and from their said property"; and*

*(3)* "*That it is true that said easement and right of way which plaintiffs own is particularly located and described as follows: A certain twenty (20) foot strip of land extending from the southerly boundary line of the said real property of the plaintiffs over and upon the said real property of the defendants to the most northerly termination of Fairview Avenue. ..."*

This proposition is untenable.

■ (1) The record contains evidence that plaintiffs for more than thirty-five years have used the roadway across defendants' ranch. Such evidence gives rise to a presumption that the use was under a claim of right and adverse (*Rose* v. *Peters*, 59 Cal.App.2d 833, 835 [139 P.2d 983]; *Wallace* v. *Whitmore*, 47 Cal.App.2d 369, 373 [117 P.2d 926]), and such presumption is sufficient to sustain such a finding. Therefore the first finding questioned is sustained by the evidence.

■ There is no merit in defendants' contention that the evidence disclosed a permissive use of the roadway, since the only evidence given on the subject of a permissive use was the testimony of the witness Charles Romo, who was permitted over objection that such testimony was hearsay to testify that his brother Ed Romo, who was dead at the time of the trial, had told him that he had given Sawyers permission to go through his ranch until another road which had been washed out could be repaired. Such testimony was hearsay evidence and objectionable; and under the rule that evidence improperly admitted is not entitled to any weight whatever and is to be given none in considering whether a finding of fact is sustained by the evidence, such testimony must be disregarded by us. (*Hoult* v. *Baldwin*, 78 Cal. 410, 414 [20 P. 864]; *Willmon* v. *Peck*, 5 Cal.App. 665, 667 [91 P. 164].) Thus it appears that the record fails to contain any evidence which would have sustained a finding that plaintiffs' use of the road across defendants' land was permissive.

■ (2) The second questioned finding was immaterial, since a right of way may be obtained by prescription over another's land even though there may be an alternate way of reaching the dominant tenement's property. (See 28 C.J.S. (1941), § 18a, p. 663.)

■ (3) A surveyor testified that the average width of the road across defendants' land was 20 feet. Part of his testimony being as follows:

"Q. Will you tell the court how you arrive at that 20 foot area? A. Well, you establish or you take a point in the middle of the road as it is traveled and measure both sides to the amount of the ground that has been actually graded or altered from the way it was before there was a roadway.

"Q. That is a one-way road, is it not? A. Yes, of course that does not mean that the full width of that 20 feet is constantly traveled."

The foregoing testimony constitutes substantial evidence to sustain the trial court's finding that plaintiffs' right of way was over a strip of land 20 feet in width.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 3, 1946.