[Civ. No. 16443. First Dist., Div. One. Nov. 2, 1955.]

. D. H. LORD et al., Respondents, v. ANTHONY R. SANCHEZ et al., Appellants.

Donald J. Kennedy for Appellants.

Crist, Peters & Donegan for Respondents.

WOOD (Fred B.), J.—Defendants Anthony and Dolores Sanchez own a parcel of land which fronts upon a highway. Plaintiffs acquired by grant an easement 20 feet wide across the Sanchez parcel as a means of access to their adjoining and nearby lands but they use a roadway which embraces only 3 feet of that easement and includes an adjoining strip 15 feet wide.

The court found that the plaintiffs acquired an easement in the 20-foot strip by grant and in the 15-foot strip by prescription; concluded that plaintiffs have an easement for ingress and egress across said 35-foot right of way; and quieted their title thereto.

Defendants Sanchez have appealed, challenging the easement by prescription, not the easement by grant. They question the sufficiency of the findings to support the judgment and the sufficiency of the evidence to support the findings.

A finding that if defendants obstruct this 35-foot easement "plaintiffs would have no means of ingress and egress to their respective parcels of real property" is not, as claimed by defendants, a finding that the 15-foot strip is a way of necessity, and as such, a finding that is inconsistent with the finding that the easement in the 15-foot strip was acquired by prescription.* The 20-foot easement by grant was and

---

*" . . . no length of user by way of necessity can ripen into an easement by prescription, at least while the necessity continues . . ." (*Martinelli* v. *Luis*, 213 Cal. 183, 184-185 [1 P.2d 980].)

A way of necessity arises by operation of law when a grantor conveys

is available, though less convenient because of trees, shrubs and other obstructions upon it. Obstruction of both easements (the entire 35 feet of right of way) would be a quite different thing from obstruction of the 15-foot or the 20-foot strip only, leaving the other available for use.

■ Defendants claim the findings are fatally defective because of a failure expressly to find that plaintiffs' use was "uninterrupted" and that plaintiffs' claim of right was "communicated" to the defendants. Those, of course, are elements of proof in establishing a title by prescription. They are covered by a plea or a finding of "ownership" of a right of way in real property. (*Corea* v. *Higuera,* 153 Cal. 451, 454-455 [95 P. 882, 17 L.R.A.N.S. 1018]; *Richert* v. *City of San Diego,* 109 Cal.App. 548, 552-553 [293 P. 673].) [2]. Title by prescription may be established under an allegation of ownership. (*Glatts* v. *Henson,* 31 Cal.2d 368, 372 [188 P.2d 745].) ■ Accordingly, in our case, plaintiffs' allegation that they "have an easement" and the finding that they "have acquired an easement by prescription across the said real property," and the conclusion that they have an "easement and right of way for ingress and egress" and that it is "appurtenant" to the lands owned by plaintiffs are deemed sufficient.

Defendants claim there was a failure to prove that plaintiffs' use was "uninterrupted" during the prescriptive period. The "interruptions" to which they refer were mere oral protests now and then made by various of defendants' predecessors in interest and in one instance the parking of some cars across the roadway, which cars were removed when plaintiff Lord objected, and none thereof availed to stop or suspend plaintiffs' use, which went right on. This was far short of the physical obstructions which prevented use of the roadway in *Lapique* v. *Morrison,* 29 Cal.App. 136 [154 P. 881]. ■ As held in *Cox* v. *Clough,* 70 Cal. 345, 347 [11 P. 732], "the mere disputing their right" would not prevent the bar of the statute. (See also *Crossett* v. *Souza,* 3 Cal.2d 721, 723-724 [45 P.2d 970].)

■ The evidence is sufficient to show that the use was made under a claim of right. Plaintiffs Lord, Rapley and

land shut off from access to a road by the grantor's remaining land. It is vested in the grantee as an appurtenance to the estate granted. (*Mesmer* v. *Uharriet,* 174 Cal. 110, 112 [162 P. 104]; see also 17 Cal. Jur.2d 112-115, § 16.)

A way of necessity "cannot be established except in a case of strict necessity." (*Orr* v. *Kirk,* 100 Cal.App.2d 678, 684-685 [224 P.2d 71].)

Nakatsu testified they felt they had a right to use the road. There is evidence that the plaintiffs and their predecessors openly used the road and never asked or received permission to use it. That would support an inference of a claim of right. (*O'Banion* v. *Borba,* 32 Cal.2d 145, 147-148 [195 P.2d 10] ; *Pratt* v. *Hodgson,* 91 Cal.App.2d 401, 404-405 [204 P.2d 934].)

 As to "claim of right," it is "not necessary in order that a use be adverse that it be made either in the belief or under a claim that it is legally justified. The essential quality is that it be not made in subordination to those against whom it is claimed to be adverse. Yet he who claims a right in himself is impliedly asserting an absence of any right in another inconsistent with the right claimed. Hence one who uses under a claim of right in himself is denying a use by the permission of another." (Rest., Law of Property, § 458, com. d. See also *Humphreys* v. *Blasingame,* 104 Cal. 40, 42-43 [37 P. 804] ; *Wood* v. *Davidson,* 62 Cal.App.2d 885, 888 [145 P.2d 659] ; *Shonafelt* v. *Busath,* 66 Cal.App.2d 5, 13 [151 P.2d 873].)

 There is evidence that plaintiffs' claim of right was communicated to the defendants Sanchez. Plaintiff Lord expressly communicated his claim of right to Anthony Sanchez and to at least three prior owners. In so doing he used the plural ("we"), from which it could be inferred he was giving notice of a right claimed by all the plaintiffs. Also the character of the use (continuous, open, notorious) would warrant an inference that the owner of the servient land was aware of the fact that plaintiffs were acting under a claim of right. (*Crossett* v. *Souza, supra,* 3 Cal.2d 721, 724; *Dooling* v. *Dabel,* 82 Cal.App.2d 417, 421-422 [186 P.2d 183].)

 Defendants claim the evidence fails to support the finding that plaintiffs Keaveny and Rapley acquired prescriptive rights. As to the Keavenys, defendants rely upon an alleged conversation between them and Anthony Sanchez in February, 1952. The Keavenys had an easement by prescription across the road by November of 1950 because they trace their title to their property back to the Lords whose adverse use started not later than November of 1945. Therefore, nothing that Sanchez said in February of 1952 could wipe out their right to use the motel road. As to the Rapleys, defendants base this contention on the fact that Mr. Rapley at first thought that this was a public road. It is true that for awhile he did think it was a public road. In other words,

his use of the road was not in recognition of any authority on the part of the owners of the "Sanchez" property to prevent or permit such use. In *Humphreys* v. *Blasingame, supra,* 104 Cal. 40, the plaintiff mistakenly "supposed" he had a right of way. In the present case, Mr. Rapley "just figured that there was a road there and we could use it." And in *O'Banion* v. *Borba, supra,* 32 Cal.2d 145, 151, the plaintiff " 'figured we had a right to go there.' " In each of these cases the claim of right is based upon the belief in the right to use the road, and this is sufficient to support the finding of a claim of right.

■ Defendants claim that the evidence does not support the award of the full 15-foot easement by prescription. They rely heavily upon testimony by Lord that at one time cars were parked parallel in front of the motel and encroached upon this roadway. But that was only a temporary encroachment. Lord further testified that he requested removal of those cars and that they were removed. Our review of the other evidence bearing upon this issue convinces us that it furnished an adequate basis for the inference that the user was of a roadway 18 feet wide, 3 feet only of which were on the 20-foot easement that had been created by grant. There is, for example, evidence that this roadway was used continuously for ingress and egress, and that plaintiffs many times repaired and maintained the entire length and width of the 18-foot roadway. In *Stevens* v. *Mostachetti,* 73 Cal.App.2d 910, 912 [167 P.2d 809], evidence that the average width of a road was 20 feet although the entire 20 feet was not constantly traveled, was held to be sufficient to support an award of a 20-foot right of way. (See also *Crossett* v. *Souza, supra,* 3 Cal.2d 721, 724-725.)

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.