[No. D057567. Fourth Dist., Div. One. Dec. 20, 2011.]

ALEXANDRA M. ALVAREZ, Plaintiff and Appellant, v.
BROOKSTONE COMPANY, INC., Defendant and Respondent.

**COUNSEL**

Stonebarger Law, Gene J. Stonebarger; Harrison Patterson & O'Connor and James R. Patterson for Plaintiff and Appellant.

Winston & Strawn, David L. Aronoff, Gayle I. Jenkins and Saul S. Rostamian for Defendant and Respondent.

**OPINION**

**McDONALD, J.**—Plaintiff Alexandra M. Alvarez appeals a judgment entered after the trial court sustained the demurrer filed by defendant Brookstone Company, Inc. (Brookstone), to her complaint that alleged a violation of Civil Code[1] section 1747.08 for requesting and recording her ZIP Code as part of a credit card transaction. On appeal, Alvarez contends that because *Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524 [120 Cal.Rptr.3d 531, 246 P.3d 612] (*Pineda*) held that conduct violates section 1747.08, the judgment against her must be reversed. Brookstone concedes *Pineda* held the conduct violates section 1747.08, but argues *Pineda*'s holding should not be applied retrospectively to its conduct and therefore the judgment should be affirmed. We conclude *Pineda* should be applied retrospectively and reverse the judgment to the extent it dismissed the section 1747.08 claim.

---

[1] All statutory references are to the Civil Code unless otherwise specified.

## FACTUAL AND PROCEDURAL BACKGROUND

Because we are reviewing the trial court's order sustaining Brookstone's demurrer, we assume as true all facts alleged in Alvarez's complaint. (*Pineda, supra*, 51 Cal.4th at p. 528.)

On December 10, 2008, Alvarez filed a putative class action complaint, alleging that throughout the past 12 months Brookstone violated section 1747.08 when its retail store cashiers requested and recorded personal identification information in the form of ZIP Codes from her and other customers during credit card transactions.[2] Her complaint also alleged Brookstone violated customers' constitutional right to privacy by requesting and recording that information and then covertly determining their home addresses.

On March 4, 2009, Alvarez filed a first amended complaint, alleging the same causes of action but adding the allegation that Brookstone also violated section 1747.08 by requesting and recording customers' e-mail addresses during credit card transactions.[3]

Brookstone filed a demurrer to the complaint, citing our holding in *Party City Corp. v. Superior Court* (2008) 169 Cal.App.4th 497 [86 Cal.Rptr.3d 721] (*Party City*), disapproved in *Pineda, supra*, 51 Cal.4th at page 534, that a ZIP Code is not "personal identification information" within the meaning of section 1747.08. Brookstone also argued Alvarez could not state a cause of action for violation of her right to privacy. It filed a motion to strike those portions of the complaint that alleged it collected and used customers' e-mail addresses on the ground Alvarez did not allege it requested her e-mail address and therefore she did not have standing to pursue relief for its collection of other customers' e-mail addresses. Alvarez opposed both the demurrer and motion to strike. In the event the trial court determined ZIP Codes were not personal identification information under section 1747.08, Alvarez requested leave from the court to file a motion to conduct precertification discovery to identify a suitable class representative who provided a personal e-mail address to Brookstone during a credit card transaction.

On or about July 27, 2009, the trial court issued its order sustaining Brookstone's demurrer to the complaint without leave to amend. Citing *Party City*, the court concluded ZIP Codes are not personal identification information under section 1747.08 and there was no reasonable expectation of

---

[2] "ZIP is [a United States Postal Service] acronym that stands for 'Zone Improvement Plan.' " (*Pineda, supra*, 51 Cal.4th at p. 527, fn. 2.)

[3] However, the first amended complaint did not allege Brookstone requested and recorded Alvarez's e-mail address during a credit card transaction.

privacy in that information. The court denied Alvarez's alternative request for leave to conduct discovery to ascertain a proposed class representative for the class of customers whose e-mail addresses were requested and recorded. Based on its ruling, the court concluded Brookstone's motion to strike was moot.

On May 11, 2010, the trial court entered judgment for Brookstone, dismissing the complaint with prejudice. Alvarez timely filed a notice of appeal challenging the judgment.[4]

## DISCUSSION

### I

### *Demurrer Standard of Review*

"On appeal from a judgment of dismissal entered after a demurrer has been sustained, this court reviews the complaint de novo to determine whether it states a cause of action. [Citation.] We assume the truth of all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." (*Folgelstrom v. Lamps Plus, Inc.* (2011) 195 Cal.App.4th 986, 989 [125 Cal.Rptr.3d 260].) We construe the complaint "liberally . . . with a view to substantial justice between the parties." (Code Civ. Proc., § 452.) If the complaint states a cause of action on any possible legal theory, we must reverse the trial court's order sustaining the demurrer. (*Palestini v. General Dynamics Corp.* (2002) 99 Cal.App.4th 80, 86 [120 Cal.Rptr.2d 741].)

### II

### *Section 1747.08*

The Song-Beverly Credit Card Act of 1971 (Act) (§ 1747 et seq.) is "designed to promote consumer protection." (*Florez v. Linens 'N Things, Inc.* (2003) 108 Cal.App.4th 447, 450 [133 Cal.Rptr.2d 465].) Section 1747.08 generally prohibits businesses from requesting "personal identification information" during credit card transactions and then recording that information. (§ 1747.08, subd. (a)(2).) Section 1747.08, subdivision (b), defines "personal identification information" as "information concerning the cardholder, other

---

[4] Because Alvarez does not substantively address on appeal the trial court's finding that she could not state a cause of action for violation of her constitutional right to privacy, we deem she has waived or forfeited any challenge to that finding. Therefore, we affirm that part of the order sustaining the demurrer as to the second cause of action for violation of her right to privacy.

than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number." Any business or person who violates section 1747.08 "shall be subject to a civil penalty" up to $250 for the first violation and up to $1,000 for each subsequent violation. (§ 1747.08, subd. (e).)

## III

## Pineda's Holding

■ On February 10, 2011, the California Supreme Court issued its opinion in *Pineda*, holding that "a ZIP Code constitutes 'personal identification information' as that phrase is used in section 1747.08." (*Pineda, supra*, 51 Cal.4th at p. 527.) It concluded "requesting and recording a cardholder's ZIP Code, without more, violates the [Act]." (*Id.* at pp. 527–528.) Following an extensive analysis of section 1747.08's language, *Pineda* concluded: "[T]he *only reasonable* interpretation of section 1747.08 is that personal identification information includes a cardholder's ZIP Code." (*Pineda*, at p. 534, italics added.) *Pineda* expressly disapproved our contrary conclusion in *Party City Corp. v. Superior Court, supra*, 169 Cal.App.4th 497. (*Pineda*, at p. 534.)

■ *Pineda* further concluded that, assuming the contrary interpretation of section 1747.08's language was also reasonable, its legislative history and purpose supported the plaintiff's interpretation of section 1747.08. (*Pineda, supra*, 51 Cal.4th at pp. 534–536.) The court reaffirmed its initial conclusion, stating: "[I]n light of the statutory language, as well as the legislative history and evident purpose of the statute, we hold that personal identification information, as that term is used in section 1747.08, includes a cardholder's ZIP Code." (*Id.* at p. 536.)

*Pineda* rejected the defendant's assertion that its construction of section 1747.08 violated due process. (*Pineda, supra*, 51 Cal.4th at p. 536.) It further rejected the defendant's assertion that its interpretation of section 1747.08 should be prospectively applied only. (*Pineda*, at p. 536.) *Pineda* applied its interpretation retrospectively and reversed the Court of Appeal's judgment affirming the trial court's judgment dismissing the plaintiff's complaint. (*Id.* at p. 537.)

## IV

## *Retrospective Application of* Pineda's *Holding to This Case*

Alvarez contends the California Supreme Court's holding in *Pineda* should be applied retrospectively to her case and, as a result, the judgment dismissing her complaint must be reversed. Although Brookstone concedes

that *Pineda* disapproved *Party City Corp., supra,* 169 Cal.App.4th 497's contrary interpretation of section 1747.08 on which the trial court relied in sustaining its demurrer, it argues *Pineda*'s holding should be prospectively applied only. We conclude the general rule of retrospective application of court decisions should apply to this case.

## A

Brookstone argues retrospective application of *Pineda*'s holding would violate due process of law because section 1747.08 was reasonably susceptible to other interpretations (e.g., Brookstone's proffered interpretation) before the issuance of *Pineda.* It further argues that section 1747.08's language did not clearly prohibit its alleged conduct and therefore it was not given fair notice or warning that section 1747.08 prohibits the requesting and recording of a customer's ZIP Code.

However, the premise of Brookstone's argument is not persuasive. *Pineda* expressly concluded: "[T]he *only reasonable* interpretation of section 1747.08 is that personal identification information includes a cardholder's ZIP Code." (*Pineda, supra,* 51 Cal.4th at p. 534, italics added.) Therefore, despite Brookstone's attempts to show the contrary, the California Supreme Court held that its interpretation of section 1747.08 was the only reasonable interpretation of that statute. *Pineda* further concluded section 1747.08 "provides constitutionally adequate notice of proscribed conduct." (51 Cal.4th at p. 536.) We reject Brookstone's due process argument that it did not have fair notice or warning of section 1747.08's prohibition against requesting and recording the ZIP Codes of customers during credit card transactions.

## B

Brookstone also asserts considerations of fairness and public policy weigh against retrospective application of *Pineda*'s holding. It argues there would be a greater burden on the courts and the administration of justice were *Pineda* applied retrospectively.[5] It also argues *Pineda*'s change in decisional law (e.g., disapproving *Party City Corp., supra,* 169 Cal.App.4th 497) was unexpected or unforeseeable in light of seemingly reasonable contrary interpretations of section 1747.08 by this and other courts in cases preceding *Pineda*'s issuance on February 10, 2011.[6]

---

[5] We summarily conclude that any greater burden on the courts is not a sufficient reason to depart from the general rule of retrospective application. (*Pineda, supra,* 51 Cal.4th at p. 536.)

[6] On May 26, 2011, Brookstone filed a request for judicial notice of certain court records, including our unpublished opinion in another section 1747.08 case and court dockets in *Pineda* and other cases. Although we may judicially notice certain court records pursuant to Evidence Code sections 452 and 459, subdivision (a), we deny Brookstone's request for judicial notice

■ We are not persuaded by Brookstone's arguments. *Pineda*'s interpretation of section 1747.08 was foreseeable. *Pineda* concluded its interpretation was the *only* reasonable interpretation of section 1747.08.[7] (*Pineda, supra,* 51 Cal.4th at p. 534.) To the extent Brookstone's cited "respected legal minds" may have interpreted section 1747.08 differently prior to the issuance of *Pineda,* that does not make those contrary interpretations reasonable. (See, e.g., *Party City, supra,* 169 Cal.App.4th at pp. 502, 518–520.) *Pineda* expressly concluded *Party City*'s interpretation was not only incorrect, but also unreasonable.[8] (*Pineda, supra,* 51 Cal.4th at p. 534.) If the California Supreme Court concludes an interpretation of the plain language of a statute is the only reasonable one, a party cannot persuasively assert that interpretation was unexpected or unforeseeable simply because certain attorneys, trial courts, and/or Courts of Appeal may have previously reached contrary conclusions regarding that statute. *Pineda* stated: "In our view, the statute provides constitutionally adequate notice of proscribed conduct, including its reference to a cardholder's address as an example of personal identification information (§ 1747.08, subd. (b)) as well as its prohibition against retailers recording any of the information contained on identification cards (*id.,* subd. (d)). . . . [I]t is difficult to see how a single decision by an inferior court [(i.e., *Party City*)] could provide a basis to depart from the assumption of retrospective operation." (*Pineda, supra,* 51 Cal.4th at p. 536.) We reject Brookstone's argument that "[b]ecause reasonable minds could and did differ on whether a ZIP code was 'information concerning the cardholder,' retroactive application of the *Pineda* interpretation of Section 1747.08 is patently unfair." Furthermore, we reject Brookstone's apparent argument that because *Pineda*'s interpretation of section 1747.08 was based, in part, on the retailer's subsequent use of ZIP Code information outside of the credit card transaction, it did not have sufficient or fair notice of that interpretation.[9] We conclude

---

because it does not show the court records it submits for judicial notice were presented to the trial court and/or are relevant to our determination of the issues on appeal. (*Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 418 [42 Cal.Rptr.3d 807]; *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [58 Cal.Rptr.2d 899, 926 P.2d 1085]; *Scruby v. Vintage Grapevine, Inc.* (1995) 37 Cal.App.4th 697, 701, fn. 1 [43 Cal.Rptr.2d 810].)

On June 15, 2011, Alvarez filed a request for judicial notice of our unpublished opinion in another case and a request for publication of that opinion. We deny her request for the same reasons we deny Brookstone's request for judicial notice.

[7] By so concluding, *Pineda* implicitly concluded section 1747.08's language was not ambiguous as Brookstone now asserts.

[8] To the extent *Pineda* further concluded section 1747.08's language was not unconstitutionally vague, that conclusion does not contradict, but only supports, its conclusion that its interpretation is the only reasonable one. (*Pineda, supra,* 51 Cal.4th at pp. 534, 536.)

[9] To the extent Brookstone implicitly so argues, we do not believe *Pineda*'s interpretation of section 1747.08 is limited in any way based on how (or whether) a retailer subsequently uses ZIP Code information requested from a credit card customer and then recorded during a transaction.

retrospective application of *Pineda*'s holding to this case would not constitute "a manifest injustice," as asserted by Brookstone.

### C

■ Brookstone also asserts *Pineda*'s holding should not be applied retrospectively to this case because it reasonably relied on *Party City*'s interpretation in deciding how to conduct its credit card transactions in compliance with section 1747.08. However, Alvarez's complaint was filed on December 10, 2008, and it challenged Brookstone's conduct for the past 12-month period (i.e., Dec. 11, 2007, through Dec. 10, 2008). *Party City* was not issued until December 19, 2008 (nine days *after* Alvarez's complaint was filed). Therefore, contrary to Brookstone's apparent assertion, it could *not* have relied on *Party City*'s interpretation of section 1747.08 in deciding how to conduct its credit card transactions during the period of December 11, 2007, through December 10, 2008. Like in *Pineda*, "while *Party City, supra*, 169 Cal.App.4th 497, reached a contrary conclusion [from *Pineda*], both defendant's conduct and the filing of plaintiff's complaint predate that decision; it therefore cannot be convincingly argued that the practice of asking customers for their ZIP Codes was adopted in reliance on *Party City*." (*Pineda, supra*, 51 Cal.4th at p. 536.) The court further stated: "[I]t is difficult to see how a single decision by an inferior court could provide a basis to depart from the assumption of retrospective operation." (*Ibid.*) Although Brookstone may have relied greatly on *Party City* in determining its litigation strategy and its conduct in defending against Alvarez's complaint (e.g., by filing a demurrer to the complaint based on *Party City*), that type of conduct generally is *not* relevant to the question of whether a party reasonably relied on established case law that is later disapproved or otherwise changed. Furthermore, we reject Brookstone's assertion that the California Supreme Court implicitly sanctioned or approved *Party City*'s holding when it denied the plaintiff's petition for review of that decision and only later disapproved that opinion when it issued *Pineda*. The California Supreme Court in *Pineda* stated, in effect, that our decision in *Party City* could *not* "provide a basis to depart from the assumption of retrospective operation." (*Ibid.*) We, like the court in *Pineda*, conclude Brookstone "identifies no reason that would justify a departure from the usual rule of retrospective application." (*Ibid.*) None of the many cases cited by Brookstone persuade us to reach a contrary conclusion. We conclude *Pineda*'s holding must be applied retrospectively to this case.

## V

### *Alvarez's Alternative Relief*

Alvarez requests that we reverse the trial court's order purportedly finding she did not have standing to represent the class of customers whose e-mail addresses were requested and recorded by Brookstone during credit card transactions. However, Alvarez does not cite, nor have we found, any express language in the challenged order (or elsewhere) showing the trial court made that finding. Alvarez has not carried her burden on appeal to provide a sufficient record on which we can review the purported error in denying her standing to represent the class of e-mail customers.

Alternatively, Alvarez requests we reverse the trial court's order denying her alternative request for leave to conduct discovery to identify a suitable representative for Brookstone customers whose e-mail addresses were requested and recorded during credit card transactions. She apparently requests that relief from us in the event we were to decide *Pineda* does not apply retrospectively to this case, thereby leaving only the e-mail claim but apparently without a class representative with standing.[10]

██ However, because we reverse in part the trial court's order sustaining the demurrer to the complaint and the judgment entered thereon, we need not, and should not, address matters the trial court should address in the first instance on remand of this matter, including determining the scope of the putative class and the representative(s) with standing to represent the class, which issues the court apparently has not yet determined. We decline to award Alvarez the additional or alternative relief she requests on appeal. Nevertheless, to the extent the trial court finds Alvarez does not have standing or is otherwise not similarly situated to members of the putative class and cannot represent the class, the court should follow the general rule liberally allowing amendments of complaints by plaintiffs without standing to substitute in new plaintiffs with standing and, in the exercise of its reasonable discretion, grant or deny any future motion filed by Alvarez for precertification discovery of the identities of class members. (See, e.g., *CashCall, Inc. v. Superior Court* (2008) 159 Cal.App.4th 273, 288–291 [71 Cal.Rptr.3d 441].)

---

[10] As noted above, Alvarez similarly requested that alternative relief in the trial court. In opposing Brookstone's demurrer and motion to strike, Alvarez requested that in the event the trial court determined ZIP Codes are not personal identification information under section 1747.08, she be granted leave to file a motion to conduct precertification discovery to identify a suitable class representative who provided a personal e-mail address to Brookstone during a credit card transaction. The trial court denied that request and sustained Brookstone's demurrer to the complaint based on *Party City*.

## DISPOSITION

The judgment is affirmed as to the second cause of action for violation of the constitutional right to privacy. The judgment is reversed as to the first cause of action for violation of section 1747.08 and the matter is remanded for further proceedings consistent with this opinion. Alvarez shall recover her costs on appeal.

Huffman, Acting P. J., and O'Rourke, J., concurred.