Filed 2/19/15  Wykidal v. Bain CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| GARY C. WYKIDAL, | |
| Plaintiff and Appellant, | E058369 |
| v. | (Super.Ct.No. CIVDS913511) |
| BELINDA BAIN et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Gary C. Wykidal, in pro. per., for Plaintiff and Appellant.

Law Office of Harry S. Carmack and Harry S. Carmack for Defendants and Respondents.

## I

## INTRODUCTION

Plaintiff and appellant Gary C. Wykidal owns a parcel of real property adjacent to

1

other property on which defendants and respondents operate a business, Action Zipline. Wykidal appeals from an adverse judgment which was rendered after a court trial on his complaint for public and private nuisance.

On appeal, Wykidal argues that defendants' use of a dirt road has overburdened the easement for access across his property and the trial court erred in making a contrary determination. We hold substantial evidence supports the trial court's factual findings and the court correctly applied the law of easements. We affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

1. *The Evidence at Trial*

In 1991, Wykidal purchased 10 acres of forest property—part of section 18 (about 500 acres)—near State Route 38[1] and Onyx Summit in Big Bear. The original zoning for section 18 was R-1, allowing residential and commercial use. In 1988, the zoning was changed to Resource Conservation, allowing residential and commercial uses, including rural sports and recreation. A 2.5-acre parcel located south of Wykidal's property is owned by defendant Good Time Mountain, Inc. (Good Time), which is owned by defendant Belinda Bain. A 40-acre parcel located east of Good Time's property is owned by the Jerry Fuller Separate Property Trust (Fuller), another defendant, who leases part of the northwest corner to Good Time for its zipline operations. Wykidal asserts there are

---

[1] Some of the documents use the former designation of State Route 30.

2

only three full-time residents of section 18.  The rest of the owners, including him are weekend residents.

Wykidal and defendants' properties are landlocked but accessible from Route 38 by a narrow dirt road, Rainbow Lane.  The two 1965 master grant deeds for section 18 describe "[a]n easement for ingress and egress 40 feet in width over the dirt road as it presently exists and meanders over said Section 18."  The 1991 grant deed to Wykidal's property similarly describes a "non-exclusive easement for ingress and egress 40 feet in width over the dirt road as it presently exists and meanders over said Section 18."  Rainbow Lane traverses Wykidal's property from northwest to southeast, where it enters defendants' properties, giving them access to Route 38.  Rainbow Lane enters defendant Fuller's property at its northwest corner where Fuller has installed a locked gate.

After a Conditional Use Permit (CUP) for a zipline course was approved by the County of San Bernardino in 2009, defendants began to operate a zipline business on the two parcels owned by Good Time and Fuller.  The zipline tours do not operate on Wykidal's property but, for each tour, defendants' customers travel in two jeeps on Rainbow Lane from Route 38 and across Wykidal's property.  Contrary to Wykidal's contention that "dozens" of cars use the easement, the maximum number of daily trips allowed is four groups of 16.  Action Zipline could not operate without using the easement because it would not have access to Route 38.  At trial, Wykidal and his neighbors testified about the noise made by the zipline machinery and the participants.

3

On appeal, however, he confines his argument to the issue of overburden of the easement caused by its use by defendants for no more than 64 people and eight daily jeep trips.

Wykidal also presented testimony by William Busch, an expert on easements and rights of way. Busch testified that the subject easement was established in 1965 and the present use of the easement by defendants exceeded the original intent and caused an overburden of the easement. On cross-examination, Busch agreed that some commercial use of the subject properties was allowed under the R-1 zoning designation in 1965. Defendants presented an expert who testified the zipline operation does not exceed county noise-level ordinances.

2. *The Statement of Decision*

The court found that the noise and dust caused by the jeeps traveling on the easement did not constitute a nuisance. Additionally, "[w]ith respect to the claim that use of the dirt road easement for commercial purposes is an overuse of the easement, the Court finds that the easement is an express easement that does not exclude commercial uses. The dirt road easement was acquired by grant—not by prescription, implication, necessity, or any other manner. The extent of the easement is determined by the terms of the grant. The grant is for ingress and egress, and is silent as to any limitation on the purpose of ingress and egress." The court concluded that the "zoning allows commercial uses pursuant to conditional use permits." The court rejected the expert opinion that "commercial use is an overuse of the easement." The court found defendants' "use of the

4

dirt road easement is reasonable and not an overuse of the easement constituting a nuisance."  The public nuisance claim also failed.

## III

## OVERBURDEN OF EASEMENT

The only issue raised by Wykidal on appeal is whether "the trial court committed legal error in refusing to apply the correct standard in determining whether an easement has been overburdened."  (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799.)[2]  However, whether a particular use of land subject to an easement is an unreasonable interference with the rights of the dominant owner or servient tenement is a question of fact for the trier of fact, and its findings based on conflicting evidence are binding on appeal.  Each case requires a factual determination as to whether an alteration in use will cause an unreasonable burden on the servient tenement.  (*Scruby v. Vintage Grapevine, Inc.* (1995) 37 Cal.App.4th 697, 703.)

As Wykidal asserts:  "One who has acquired an easement by prescription or by grant may not use it to impose a substantial increase or change of burden on the servient tenement."  (*Bartholomew v. Staheli* (1948) 86 Cal.App.2d 844, 850; *Colegrove W. Co. v. City of Hollywood* (1907) 151 Cal. 425, 429.)  "'Where the easement is founded upon a grant . . . only those interests expressed in the grant and those necessarily incident thereto

_____

[2]  At oral argument, Wykidal seemed to change his argument to objecting to the commercial or nonresidential use of the easement by defendants.

pass from the owner of the fee.' (*Pasadena v. California–Michigan etc.* (1941) 17 Cal.2d 576, 579 (*Pasadena* ); Civ. Code § 806 ['The extent of a servitude is determined by the terms of the grant . . . .'].)" (*Rye v. Tahoe Truckee Sierra Disposal Co., Inc.* (2013) 222 Cal.App.4th 84, 92.)

To elaborate further:

"'An easement is a restricted right to specific, limited, definable use or activity upon another's property, which right must be less than the right of ownership.' (*Mesnick v. Caton* (1986) 183 Cal.App.3d 1248, 1261.) . . .

"The owner of the dominant tenement must use his or her easements and rights in such a way as to impose as slight a burden as possible on the servient tenement. [Citation.] Every incident of ownership not inconsistent with the easement and the enjoyment of the same is reserved to the owner of the servient estate. [Citations.]

"The owner of the servient estate may make continued use of the area the easement covers so long as the use does not 'interfere unreasonably' with the easement's purpose. (*Camp Meeker Water System, Inc. v. Public Utilities Com.* (1990) 51 Cal.3d 845, 867; *Raab v. Casper* (1975) 51 Cal.App.3d 866, 876.) . . .

"The conveyance of an easement limited to roadway use grants a right of ingress and egress and a right of unobstructed passage to the holder of the easement. A roadway easement does not include the right to use the easement for any other purpose. [Citation.] When the easement is 'nonexclusive' the common users 'have to accommodate each

6

other.' (*Applegate v. Ota* (1983) 146 Cal.App.3d 702, 712.)" (*Scruby v. Vintage Grapevine, Inc., supra,* 37 Cal.App.4th at pp. 702-703.)

In the present case, an easement for ingress and egress was granted in 1965 for all of section 18. The same easement was included in the 1991 grant deed to Wykidal's property. Defendants have a specific, limited, and definable right to use the easement reasonably for ingress and egress, imposing as slight a burden as possible that is not inconsistent with their use.

The subject easement does not prohibit commercial use. An easement is subject to regulation by zoning: "Obviously, if a parcel of land is zoned the particular interest therein of any individual is subject to that zoning." (*City & County of San Francisco v. Safeway Stores, Inc.* (1957) 150 Cal.App.2d 327, 332.) The Resource Conservation zoning designation for section 18 permits rural sports and recreational use, in addition to residential use. The CUP approved in 2009 allows defendants to operate a zipline tour business on defendants' properties, limiting the maximum number of trips allowed per day to eight roundtrips with 64 participants.

The trial court expressly found that defendants' use of the easement was reasonable to afford ingress and egress to their property for a commercial purpose. Based on these facts and applying the legal principles or standards governing easements, the trial court properly concluded that the subject easement granted defendants a right of ingress and egress and a right of unobstructed passage. (*Scruby v. Vintage Grapevine, Inc., supra,* 37 Cal.App.4th at p. 703; *Laux v. Freed* (1960) 53 Cal.2d 512, 525.)

7

Defendants made no other use of the road and, because the easement is "nonexclusive," Wykidal must accommodate defendants' reasonable commercial use, as is permitted by the zoning law.

IV

DISPOSITION

Substantial evidence supports the trial court's factual findings that defendants' commercial use does not overburden the subject easement. The trial court did not err in its application of the law of easements.

We affirm the judgment. Defendants, the prevailing parties, shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

KING

J.

8